USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAROLYN McKINLAY; ROBERT McKINLAY,

Plaintiffs,

-against-

THE MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS; YONKERS SENIOR APARTMENTS, LLC; YONKERS SENIOR GP LLC; THE MULFORD CORPORATION; PROPERTY RESOURCES CORPORATION; BRENDAN McGRATH, ESQ.; JACQUELINE GILES,

Defendants.

26-CV-7732 (NSR)

**ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, the Fair Housing Act, and state law, alleging that Defendants violated their rights. By order dated September 14, 2026, the Court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court directs service on Defendants and denies Plaintiffs' application for the court to request pro bono counsel without prejudice to renewal at a later time.

[1] Rule 5.2(a)(2) of the Federal Rules of Civil Procedure requires that court submissions include only the year of a person's birth and the initials of a minor child. Fed. R. Civ. P. 5.2(a). A person who reveals their own information in their court submissions waives the protection of this rule. Fed. R. Civ. P. 5.2(h). In their complaint, Plaintiffs reveal their own complete dates of birth and the complete dates of birth of their children, as well as the full names of their minor children. Accordingly, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to the complaint.

## DISCUSSION

### A. Order of Service

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on Defendants Municipal Housing Authority for the City of Yonkers; Yonkers Senior Apartments, LLC; Yonkers Senior GP, LLC; the Mulford Corporation; Property Resources Corporation (now known as People Restoring Communities); Brendan McGrath; and Jacqueline Giles through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**B. Request for Counsel**

Plaintiffs filed a motion for the court to request pro bono counsel. (ECF 6.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiffs' efforts to obtain a lawyer, and Plaintiffs' ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiffs' motion for counsel is denied without prejudice to renewal at a later date.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's request for pro bono counsel without prejudice to renewal at a later date. The Court directs the Clerk of Court to terminate the motion pending at ECF 6.

The Clerk of Court is directed to mail an information package to Plaintiffs.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 15, 2026
White Plains, New York

NELSON S. ROMÁN
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. The Municipal Housing Authority for the City of Yonkers
   1511 Central Park Avenue
   P.O. Box 35
   Yonkers, NY 10710

2. Yonkers Senior Apartments, LLC
   1511 Central Park Avenue
   Yonkers, NY 10710

3. Yonkers Senior GP LLC
   1511 Central Park Avenue
   Yonkers, NY 10710

4. The Mulford Corporation
   1511 Central Park Avenue
   Yonkers, NY 10710

5. Property Resources Corporation/People Restoring Communities
   10 Bank Street, Ste. 550
   White Plains, NY 10606

6. Brendan McGrath, Esq.
   1511 Central Park Avenue
   Yonkers, NY 10710

7. Jacqueline Giles
   1511 Central Park Avenue
   Yonkers, NY 10710