USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/04/2026

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

KAROLYN McKINLAY; ROBERT McKINLAY,

Plaintiffs,

-against-

THE MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS; YONKERS SENIOR APARTMENTS, LLC; YONKERS SENIOR GP LLC; THE MULFORD CORPORATION; PROPERTY RESOURCES CORPORATION; BRENDAN McGRATH, ESQ.; JACQUELINE GILES,

Defendants.

26-CV-7732 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiffs Karolyn McKinlay and Robert McKinlay ("Plaintiffs"), proceeding *pro se*, commenced this action against Defendants Municipal Housing Authority for the City of Yonkers, Yonkers Senior Apartments, LLC, Yonkers Senior GP LLC, the Mulford Corporation, Property Resources Corporation, Bendan McGrath, and Jacqueline Giles (collectively, "Defendants") on September 8, 2026. (ECF No. 1.) That same day, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion"). (ECF No. 4.) Plaintiffs seek an order from the Court (1) enjoining Defendants from taking any action to advance the August 11, 2026 Lease Termination Notice or initiating summary eviction proceedings against Plaintiffs, and (2) permitting Plaintiffs to deposit their monthly tenant rent obligation of $876 into the Court's registry during the pendency of this action. (*Id.*)

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Valenzuela Arias v. Decker*, 612 F. Supp. 3d 307, 311 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)).

A plaintiff seeking a PI or TRO must establish that:

1) they are likely to succeed on the merits,

2) they are likely to suffer irreparable harm in the absence of preliminary relief,

3) the balance of equities tips in their favor, and

4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

A preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies" and courts have cautioned that it should be "used with great care." *Hanson Tr. PLC v. SCM Corp.*, 774 F.2d 47, 60 (2d Cir. 1985).

Here, the basis that Plaintiffs provided for seeking injunctive relief is receipt of a notice of lease termination and Defendants' failure to provide them with sufficient lease renewal/recertification paperwork to enable them to renew their lease. Following commencement of this action, Plaintiffs have received and submitted valid recertification documentation which has resulted in the issuance of a lease renewal. Thus, the basis for seeking injunctive relief is moot. Accordingly, Plaintiffs' application must be DENIED.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 4.

Dated: November 4, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge